IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RALPH DAVID SAVAGE,**

           Plaintiff,

v.

**SUTARIYA LAW OFFICES, P.C. and
RAJAN SUTARIYA**

           Defendants.

Case No.
Hon.

## COMPLAINT TO A CLASS ACTION AND DEMAND FOR JURY

NOW COMES Plaintiff, RAPH DAVID SAVAGE ("Plaintiff") by and through counsel, The Law Offices of Brian Parker, PC, and brings this action against the above listed Defendants, SUTARIYA LAW OFFICES, P.C. ("Defendant" or "Law Offices") and RAJAN SUTARIYA ("Sutariya"), on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Collection Practices Act (RPCA), codified at MCL 445.251 et seq.,

## II. PARTIES

1.

Plaintiff Ralph David Savage is an individual who resides in the City of Bloomfield Hills, Oakland County, and State of Michigan.

2.

Defendant Sutariya Law Offices, P.C. is a debt collection law firm organized as a Michigan Corporation but dissolved since 2013 with offices at 38545 Ford Road, Suite 101, Westland, County of Wayne, and State of Michigan.

3.

Defendant Rajan Sutariya is debt collector doing business at 38545 Ford Road, Suite 101, Westland, County of Wayne, and State of Michigan.

## III. JURISDICTION AND VENUE

4.

Defendants are located in Wayne County, State of Michigan. This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692 et seq.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6). Defendants are debt collectors seeking payment on debts that were in default when obtained for collection. ."); *Schlosser*

3

*v. Fairbanks Capital Corp.,* 323 F.3d 535, 536 (7th Cir. 2003) (noting that "the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, ***and as creditors if it was not.***").

9.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

10.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

11.

In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518

4

F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

12.

To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: using a false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); and using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

13.

"Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989). "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v.*

*Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

14.

Abuses by attorney debt collectors are more egregious than those of non-attorney collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley* v. *Lieberman,* 868 F.2d 566, 570 (3d Cir. 1989). "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley* v. *Lieberman,* 868 F.2d 566, 570 (3d Cir. 1989).

## MICHIGAN COLLECTION PRACTICES ACT (RPCA)

15.

The Regulation of Collection Practices Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

16.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

17.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used t o collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

18.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium. Communicating with a "Consumer" or "debtor" such as Ms. Holmes or the class members means a natural person obligated or allegedly obligated to pay a debt.

19.

"Person" means an individual, sole proprietorship, partnership, association, or corporation.

20.

"The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)).

21.

The MCPA's reference to "[a]n attorney handling claims and collections on behalf of a client and in the attorney's own name," Mich. Comp. Laws § 445.251(g)(xi), is better understood as encompassing *both* attorneys who handle claims and collections on behalf of a client *and* attorneys who seek to collect a debt owed to themselves or their firms. *Misleh v. Timothy E. Baxter & Associates*, 786

F. Supp. 2d 1330 - Dist. Court, ED Michigan 2011.

## V. LEGAL BACKGROUND

22.

The FDCPA offers a mandatory guide for debt collectors to provide the dispute notice to consumers:

> **(a) Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) *the amount of the debt*;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 USC § 1692g - Validation of debts.
>
> **(b) Disputed debts**
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt*

*collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment*, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

23.

Congress' intent in enacting § 1692g was to provide an alleged debtor with proper notice of the validation and dispute rights of the debtor and the amount of the debt to allow consumers to respond to the initial communication of a collection agency within 30 days. The Letter at **Exhibit 1** is crafted to avoid providing the validation and dispute rights, true amount of debt owed to the debt collector within 30 days in violation of § 1692g(a)(1), (2), (4) and (5).

24.

"The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt. The requirement is not satisfied by listing a phone number. What they certainly could do was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this." *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875, 876 (7th Cir.2000).

25.

The FDCPA, 15 U.S.C. §1692g(a)(1) requires disclosure of the "amount of

10

the debt that is owed." What is missing from that language is any mention of court costs, attorney's fees, or other penalties which may be imposed by statute. That is because the "amount of the debt" provision is designed to inform the debtor (who, remember, has a low level of sophistication) of what the *obligation* is, *not* what the final, worst-case scenario *could* be. *Veach v. Sheeks*, 316 F. 3d 690 - Court of Appeals, 7th Circuit 2003.

26.

When interpreting the FDCPA, we begin with the language of the statute itself, see *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980), since the intent of Congress is "best determined by the statutory language it chooses." *Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 495 n.13 (1985). *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999).

27.

The FDCPA's bona fide error defense at 15 U.S.C. § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collectors' incorrect interpretation of a legal requirement of the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1611-12 (2010). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts

intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 78 L. Ed. 2d 17 (1983).

28.

Under the Act, notice of the thirty-day validation period is necessary, but not sufficient to satisfy § 1692g(a). A debt collector must "effectively convey" the notice to the debtor. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9thCir.1988). This Court uses the "least sophisticated debtor" standard to determine whether a communication "effectively conveys" notice of the thirty-day validation period for purposes of § 1692g. *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1028 (6th Cir.1992). *Smith v. Computer Credit Inc.* 167 F3d 1052, 1054 (6th Cir. 1999).

## VI. FACTUAL ALLEGATIONS

29.

On or about July 31, 2015, Defendants communicated with Plaintiff through a letter notifying Plaintiff that they were seeking an the payment of a debt for their client, Spartan Credit Corporation. **Exhibit 1**. Defendant had spoke to Plaintiff days earlier in asking for his address. **Please see Exhibit 2**.

30.

In the letter from Defendants at **Exhibit 1**, stated in part:

12

July 15, 2015

**SETTLEMENT OFFER**

DAVID SAVAGE
973 STRATFORD W LN
BLOOMFIELD HILLS, MI 48304-2929

Re: Spartan Credit Corp. (Assignee of CITIBANK SOUTH DAKOTA NA)
    Account #5121079******
    Our File # SCS99

"Dear DAVID SAVAGE,

Please be advised that our office represents Spartan Credit Corporation regarding the above referenced matter. Our Client, Spartan Credit Corporation is currently willing to offer a settlement on your account over the next 15 days. In order to take advantage of this opportunity please contact me immediately to receive a settlement of up to an **50% reduction** of your outstanding balance or we can qualify you for payments as low as **$50.00 a month**.

Please contact our office at (734) 729-1100 at your earliest convenience.

We appreciate your anticipated cooperation. Please feel free to contact me if you should have any questions or concerns. Also, you may make payments online at www.collectmi.com. **Exhibit 1**.

31.

The letter from Defendants failed to say how much was owed on the debt, that Plaintiff could settle the debt for "up to an **50% reduction** of your outstanding balance or we can qualify you for payments as low as **$50.00 a month**."

32.

In the letter at **Exhibit 1**, there was no mention of the Plaintiff's Validation and Dispute rights required to be provided a debtor under § 1692g(a)(1), (2), (4) and (5) though the Defendants did advise Plaintiff he had 15 days to take advantage of their settlement. This was the only letter Plaintiff received in the five days after the phone call from Defendants asking for his address. **Please see Exhibit 2**.

33.

Congress' intent in enacting § 1692g was to provide an alleged debtor with proper notice of the amount of the debt and the creditor who is pursuing the debtor to allow consumers to respond to the initial communication of a collection agency. The Letter from Defendants at **Exhibit 1** is crafted to avoid providing the amount of debt owed to the debt collector to reinstate, does not provide the mandatory validation and dispute rights of Plaintiff and uses a lawyer letterhead to place fear into Plaintiff to pay the debt within 15 days without notice of the debtor rights under the FDCPA.

34.

The letter states at **Exhibit 1** that that Mr. Savage may contact Defendants to discuss the debt verbally and not dispute the debt and seek validation in writing.

35.

Mr. Savage has no idea what he owes on the debt from the letter at **Exhibit 1** and it forces him to call and forego his validation right to seek a cease and desist of the collection that is automatic ONLY when a debtor seeks "written" validation under 15 U.S.C. § 1692b that states *"the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment."*

36.

The Defendants' Letter at **Exhibit 1** appears to be sent by the law offices as designated in the letterhead and lends credence to Plaintiffs' presumption that the Sutariya Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of the account prior to mailing same.

37.

The Defendants' Letter at **Exhibit 1** falsely represents and implies that a licensed attorney was directly or personally involved in reviewing Plaintiff's' file, account, loan document and/or records prior to mailing same.

38.

After receiving the Sutariya Letter, the Plaintiff reasonably inferred – as

15

would a "least sophisticated consumer" – that Spartan and Defendants were proceeding aggressively as it has incurred the expense to hire a law firm, whose attorneys were personally involved with the review and collection of their alleged account.

39.

The Defendants intended that the letter at **Exhibit 1** imply a heightened severity over dunning letters from non-attorney collection companies and that the least sophisticated consumer react with a commensurate level of alarm and concern.

40.

Sometime after receiving the Letter, the Plaintiff became informed and now believe, and on that basis alleges, that the Letter is actually a computer-generated, mass-produced, letter that is sent to consumers at-large without any meaningful attorney review or involvement prior to the mailing of the letters.

41.

Plaintiffs are informed and believe, and on that basis allege, that the Defendants have a policy and practice of sending consumers, such as Plaintiff, computer-generated, mass-produced, letters -- in the form of the Sutariya Letter at **Exhibit 1** -- without any meaningful attorney review or involvement prior to the mailing of those letters in violation of 15 U.S.C. §§ 1692e(3).

42.

Contrary to *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438, 441 (6th Cir) and in violation of 15 U.S.C. §1692e, Defendant is making an inaccurate statement regarding the amount Plaintiff would owe the Creditor and Failing to provide the proper validation and dispute rights under the FDCPA. **Please see Exhibit 1**.

## VII. CLAIMS FOR RELIEF AGAINST ALL DEFENDANTS

### Count 1-Fair Debt Collection Practices Act

43.

Plaintiff realleges the above pleadings.

44.

Defendant has violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

    a. Defendants violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt as mentioned above with **Exhibit 1**; and

    b. Defendants violated 15 U.S.C. 1692e(10) with the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer as mentioned above at **Exhibit 1**; and

c. Defendants violated 15 U.S.C. 1692g(a)(1) by failing to specify the amount owed by the debtor to Defendants as mentioned above including costs, charges, attorney fees and payments owed at **Exhibit 1**; and

d. Defendants violated 15 U.S.C. 1692e(2)(A) with the false representation of the character, amount, or legal status of any debt in **Exhibit 1**; and

e. The Defendants' written communications in the form attached as **Exhibit 1** are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e and 1692e(3); and

f. Defendants 'wrongful attempts to collect money from Plaintiff are in violation of 15 U.S.C. §§1692f(1).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a. Statutory damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(1) and (2)(A);

b. Statutory damages and Actual damages against the Individual Defendants;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3);

and;

e. Such further relief as the court deems just and proper.

## Count 2-Regulation of Collection Practices Act

45.

Defendants have violated the RPCA. Defendant's violations of the RPCA include, but are not necessarily limited to, the following:

a. Defendants violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt as mentioned above;

b. Defendants violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

(ii) The legal rights of the creditor of debtor using **Exhibit 1** as mentioned above.

c. Defendants has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

d. Defendants has violated MCLA 445.252(a) by communicating with a debtor in a misleading or deceptive manner.

**Wherefore**, Plaintiff seeks judgment against Defendant for:

a. Statutory and Actual damages for Plaintiff in the amount of $50.00,

19

  trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA as well as an injunction, enjoining Defendants from using **Exhibit 1** letters which violates Michigan law; and

d. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

## VIII. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This September 24, 2015.

        Respectfully submitted,

        /s/Brian P. Parker
        BRIAN P. PARKER (P48617)
        Attorney for Plaintiff